[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's revised complaint, dated September 19, 1996, sets forth two claims against the defendant employer. The first count purports to set forth a claim for invasion of privacy based upon the defendant's alleged intrusion upon the seclusion of the plaintiff. See Goodrich v. Waterbury Republican American, Inc.,188 Conn. 107, 127-28, 448 A.2d 1317 (1984) (court adopted the four categories of invasion of privacy as set forth in 3 Restatement (Second), Torts § 652A). While the plaintiff has alleged that the defendant entered his private locker without permission, the revised complaint fails to allege that by entering the plaintiff's personal locker the defendant discovered any of the plaintiff's private affairs or concerns. See 3 Restatement (Second), Torts § 652B, comments a b. The first count is therefore stricken for failing to plead sufficiently a cause of action.
The second count attempts to set forth a claim for unintentional infliction of emotional distress. See Kilduff v.Adams, Inc., 219 Conn. 314, 325, 593 A.2d 478 (1991). Even if the distress that was suffered by the plaintiff did not result in subsequent bodily injury, the plaintiff must plead and prove that "`the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and thatdistress, if it were caused, might result in illness or bodilyharm.'" (Emphasis added.) Id. The second count fails to allege that element of the cause of action emphasized above. The second count of the revised count is therefore stricken.
SO ORDERED:
Thim, Judge
JUDGE OF THE SUPERIOR COURT